JANINE C. OGANDO (CA Bar No. 165625)
Ogando Law Offices
21-C Orinda Way, #132
Orinda, CA 94563
Telephone: 925/858-9401
Ogandolaw@gmail.com

Attorneys for Plaintiff
ACTION LEARNING SYSTEMS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTION LEARNING SYSTEMS, INC., a Delaware Corporation,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>BOB CROWE, an individual, KELLY SMITH, an individual, ELEVATED ACHIEVEMENT GROUP INCORPORATED, and DOES 1-500,<br><br>　　　　　Defendants. | Case No. CV 14-5112-GW(SHx)<br><br>**STIPULATED PRELIMINARY INJUNCTION**<br><br>*The Hon. George H. Wu, Presiding* |

　　　This cause came to be heard on the motion of Plaintiff Action Learning Systems, Inc. ("ALS") on August 11, 2014 for the issuance of a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure.

　　　The parties have stipulated and agreed to the entry of a preliminary injunction on the terms set forth herein.

　　　**UPON CONSENT OF THE PARTIES, IT IS ACCORDINGLY ORDERED,**

　　　1.　That the Defendants CROWE, SMITH and EAG, including any officer, agent, employee, and/or representative of EAG, and other persons who are in active concert or participation with the Defendants, shall be enjoined, directly or indirectly, from soliciting any ALS current

employee for six months (beginning August 12, 2014 and continuing for six months from the date of this Order) (the "No-Solicit Period") regarding leaving ALS or to provide work for or on behalf of Defendants

    a. In connection with the above non-solicitation provision, ALS' counsel shall provide a list to Defendants' counsel of current ALS employees as of August 12, 2014 (the "No-Solicit List"), and Defendants' counsel shall not use or disclose the "No-Solicit List" to Defendants or to anyone else.

    b. Defendants shall contact their counsel regarding any individual they seek to solicit or hire. If an individual appears on the No-Solicit List, the individual may not be solicited during the Non-Solicit Period unless otherwise agreed in writing by ALS.

2. That Defendants shall have fourteen days from entry of this Order to return to ALS all items (tangible and intangible), including but not limited to, the laptop computer retained by the Defendant SMITH, the iPhone retained by the Defendant CROWE, and any printers, as well as all other tangible items, and all documents, whether originals or copies, in hardcopy or in data format, files, data, and materials, that were provided to or taken by Defendants Smith and Crowe during their employment with ALS, including but not limited to, ALS employee contact information, ALS customer contact information, customer lists, training materials, tests, forms, calendars, guides, schedules, and all ALS contracts, any and all notes and emails created during employment, including all transferred documents, information or other data. No documents shall be deleted from any electronic storage device, including any computer, telephone, hard drive, CD, DVD, or

USB stick (whether or not the item is being returned to ALS), until after Defendants' counsel provides to ALS a list of all electronic storage devices with an inventory of all ALS documents and data contained on each storage device, and unless counsel for ALS agrees in writing that such data can be deleted from the electronic device.

3. Within 7 days of entry of this Order, Defendants Smith and Crowe, through their counsel, will provide to ALS's counsel a list of all contact information they have for any individual employed by a school district that was an ALS client during Smith's and Crowe's employment with ALS. Smith and Crowe will then delete and/or discard any such contact information for the listed individuals.

4. All parties to this action, including but not limited to any officer, agent, employee, and/or representative of EAG and/or ALS, and all other persons who are in active concert or participation with either of them, shall be enjoined as follows:

   a. Initial soliciting of any new customer by any party shall not mention or refer to the competing company of ALS or EAG, and specifically, at any time, Defendants shall not mention or refer to any non-public information relating to ALS' financial situation, pricing, services, marketing or contract information.

   b. The parties shall not disparage each other, including but not limited to making any statement that any party is going out of business or making any reference to the pending litigation to any third party. If asked about the litigation, the parties shall state that the litigation is pending.

5. Because the parties have been unable to agree to the terms of a stipulated injunction pertaining to ALS's allegations of copyright

infringement, a hearing will take place before the court regarding those issues on a date to be agreed upon.

**THE COURT FURTHER ORDERS:**

6. This Agreed Preliminary Injunction is entered by agreement of the parties for the sole purpose of conserving judicial resources and limiting the cost of litigation, and as such, nothing in this Order constitutes an admission or waiver of any right, claim or defense by any party, including without limitation, any claim for attorneys' fees incurred either prior to or subsequent to the entry of this Order.

7. The Court's Order will remain in full force and effect or as this Court specifically orders otherwise;

8. If either party has reason to believe there is a breach of this preliminary injunction, that party will provide written notice of the alleged breach to the other party within forty-eight (48) business hours of the alleged breach. The parties will then confer in an attempt to resolve the dispute. If the alleged breach has not been resolved after the passage of five (5) business days, the party seeking relief under this Order may apply to the Court for relief *ex parte* basis without the need to follow the regular motion schedule.

**IT IS SO ORDERED** this 20th day of October, 2014.

_____
THE HONORABLE GEORGE H. WU
UNITED STATES DISTRICT JUDGE